## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| ANTHONY V. BUBCZYK, JR. and | * | CHAPTER 13 |
| ANGELA D. BUBCZYK, | * | |
| Debtors | * | |
| | * | CASE NO. 1:09-bk-04691MDF |
| ANTHONY V. BUBCZYK, JR. and | * | |
| ANGELA D. BUBCZYK, | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | ADV. NO. 1:11-ap-00235MDF |
| | * | |
| MERS, INC. and E*TRADE BANK | * | |
| successor in interest to E-LOAN, INC., | * | |
| Defendants | * | |

## OPINION

On June 17, 2009, Anthony and Angela Bubczyk ("Debtors") filed the above-captioned

Chapter 13 case. In their schedule of real property, they listed their residence at 1602 Oakwood

Drive, Hanover, Pennsylvania at a value of $300,000 subject to: 1) a first mortgage held by

Carrington Mortgage Services ("Carrington") in the amount of $240,776.58; 2) a second

mortgage held by E*Trade Bank ("E*Trade") in the amount of $65,140.81[1]; and 3) a third

mortgage held by Popular Mortgage Servicing, Inc. in the amount of $89,972.59. In their

Chapter 13 plan they proposed to pay both the Carrington mortgage and the E*Trade mortgage

outside the plan according to the original contract terms. On September 13, 2010, Debtors' plan

was confirmed.

---

[1]On August 10, 2009, CLC Consumer Services, as servicing agent for E*Trade, filed a
proof of claim asserting a secured claim in the amount of $64,740.17.

1

On April 14, 2011, Debtors filed the above-captioned adversary complaint in which they sought to "avoid" the E*Trade[2] mortgage under 11 U.S.C. § 506, which empowers a court to separate an undersecured creditor's claim into two parts – the amount secured by the value of collateral and the amount that is unsecured. The complaint alleges that the value of the property is not $300,000 as originally listed in Debtors' schedules, but only $228,909.38 as set forth in an appraisal obtained by Debtors. On August 11, 2011, Debtors filed an amended schedule A to report this reduced value and an amended schedule D treating E*Trade's claim as unsecured. On August 15, 2011, they filed a motion to modify their plan to eliminate payments outside the plan to E*Trade, and on August 16, 2011, they filed an objection to E*Trade's proof of claim.

E*Trade answered Debtors' adversary complaint on May 18, 2011 and on July 5, 2011 filed the motion for summary judgment that is now before me. In response to pleadings filed by Debtors in the bankruptcy case, E*Trade filed both an objection to Debtors' motion to amend their plan and an answer to Debtors' objection to its proof of claim. In each of these pleadings E*Trade argues that Debtors may not modify the treatment of its lien, treat E*Trade's claim as unsecured, or amend their plan because they are bound by the terms of their confirmed plan. Briefs have been filed on these pleadings, and the matters raised therein are ripe for decision.[3]

---

[2]Debtors captioned the complaint to include Mortgage Electronic Registration Systems (MERS) Inc. as a Defendant. However, only E*Trade filed an answer to the complaint, and both the schedules filed by Debtors and the proofs of claims filed by creditors in the main case indicate that MERS does not hold a separate mortgage that would be subject to valuation under § 506. Therefore, this matter will be adjudicated on the presumption that MERS acts solely as servicer for E*Trade and has no separate interest in Debtors' residence.

[3]I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A),(K), and (O). This Opinion and Order constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052 which is made applicable to contested matters by Fed. R. Bankr. P. 9016.

2

For the reasons that follow, summary judgment will be granted in favor of E*Trade, Debtors' objection to E*Trade's proof of claim will be overruled, and E*Trade's objection to Debtors' motion to amend their plan will be sustained.

## Discussion

Federal Rule of Civil Procedure 56, made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, permits this Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In reviewing a motion for summary judgment, the facts and all reasonable inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986); *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

As the parties' briefs indicate, the issue to be decided on summary judgment is a narrow one – whether Debtors are barred by the doctrine of *res judicata* from seeking to revalue a lien securing a loan that they had committed to pay in full under the terms of their confirmed plan. In *In re Woltman*, Docket No. 1-07-bk-01647MDF, 2008 WL 5157477 (Bankr. M.D. Pa. November 18, 2008), I addressed this issue in the context of a motion to avoid a judgment lien under 11 U.S.C. § 522(f) and concluded that, in the absence of fraud, confirmation of the plan is *res judicata* on the issue of the treatment of liens provided for in a Chapter 13 plan.

Section 1327(a) provides that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C § 1327(a). "Although this provision typically is employed as a shield by a debtor to bar a creditor from

3

taking action against the debtor in contravention of the terms of a confirmed plan, a debtor is equally bound by the confirmation order. Confirmation of a plan is 'res judicata as to all issues decided or *which could have been decided* at the hearing on confirmation.'" *In re Woltman*, at *2, (citing *In re Szostek,* 886 F.2d 1405, 1408 (3d Cir. 1989) (emphasis added); *Ruskin v. DaimlerChrysler Services N. Am., LLC (In re Adkins)*, 425 F.3d 296, 302 (6th Cir. 2005); *In re Cameron*, 274 .B.R. 457,460 (Bankr. N.D. Tex. 2002); *In re Hibble*, 371 B.R. 730, 734 (Bankr. E.D. Pa. 2007)). As the Court of Appeals for the Second Circuit noted in a case on similar facts, *res judicata* will be applied unless the newly discovered evidence asserted by the plaintiff either was fraudulently concealed or could not have been discovered with due diligence. *In re Layo*, 460 F.3d 289, 292-93 (2d Cir. 2006) (other citations omitted), *cited in In re Woltman*, at *2.

In *Woltman*, at the time of confirmation, the debtors' mistakenly believed that a judgment lien against their real property was a mortgage lien. When they discovered their error, they moved to avoid the lien as impairing an exemption under 11 U.S.C. § 522(f) through modification of their Chapter 13 plan. Finding that the error was attributable to a lack of due diligence and not to fraud, I determined that the *res judicata* effect of the confirmation order barred modification of the plan.

Similarly, in the instant case, Debtors do not allege that the proposed modification to their plan is due to the discovery of new evidence or to changed circumstances. Rather, they simply aver that they overestimated the value of their real estate when they completed their schedules and statements filed in connection with their petition. As in *Woltman*, Debtors' failure to accurately value their property when they filed their petition does not provide grounds to set aside the confirmation order. *See Wilson v. DaimlerChrysler Financial Services Americas, LLC*

4

*(In re Wilson)*, 409 B.R. 72, 78 (Bankr. W.D. Pa. 2009) (holding that in the absence of a change in circumstances warranting modification of a confirmed plan, debtors may not use § 506 to "bifurcate a claim they have already agreed to pay in full.")

Accordingly, the motion for summary judgment will be granted in the adversary case. Further, Debtors' motion to amend their plan will be denied, and their objection to E*Trade's proof of claim will be overruled. Appropriate orders will be entered in the respective dockets of the main and adversary cases.

**By the Court,**

Mary D France

Chief Bankruptcy Judge

Date: February 9, 2012